UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OFF-WHITE LLC,

                 Plaintiff,

                20 **CIVIL** 7894 (LTS)

         -against-                   **DEFAULT JUDGMENT**

BEIJING YINYU TRADING CO., LTD.,
et al.,
                 Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/23/2022

It is hereby **ORDERED, ADJUDGED, AND DECREED**, That for the reasons stated in the Court's Memorandum Opinion and Order dated March 22, 2022, For the foregoing reasons, Plaintiff's motion for default judgment is granted in part and denied in part.

Plaintiff's request for a permanent injunction is granted to the following extent:

    1. Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether they are located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

    A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products or any other products bearing one or more of the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

    B. directly or indirectly infringing in any manner any of Plaintiff's Off-White Marks;

    C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

    D. using any of Plaintiff's Off-White Marks or any other marks that are confusingly similar to the Off-White Marks on or in connection with Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

    E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting

Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities and Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

H. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(A) through 1(G)above.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's trademarks, copyrights or other rights in the Off-White Marks, or bear any marks or artwork that are confusingly or substantially similar to the Off-White Marks pursuant to 15 U.S.C. section 1118. Plaintiffs' request for statutory damages is granted in the amount of $75,000.00 against each of defendants Dongguan City Humen Zhongsheng Weaving Factory, Dongguan Huayu Technology Co., Ltd., Dongguan Manxun Clothing Corporation Ltd., Flawless Store, Guangzhou Durcase Wireless Co., Ltd., Guangzhou Ideal Electronic Technology Limted, Guangzhou MC Garment Accessories Co., Ltd., Jiangxi Kaimei Garment Co., Ltd., Newo (Shenzhen) Technology Co., Ltd., Ningbo Haishu Yingli International Trading Co., Ltd., Quality Products Manufacture Co., Ltd, Shenzhen 3 Takins Trading Co., Ltd., Shenzhen Agatha

Tech Co., Ltd., Shenzhen Aimax Intelligent Technology Co., Ltd., Shenzhen Ainte Technology Co., Ltd., Shenzhen Aotemao Technology Co., Ltd., Shenzhen Chengyi Hardware Craft Accessories Co., Ltd., Shenzhen Chenhong Gifts Co., Ltd., Shenzhen City Gecool Electronic Technology Limited Company, Shenzhen Downwind Technology Co., Ltd., Shenzhen Fibercheng Electronics Co., Ltd., Shenzhen Hengyue Gifts Co., Ltd., Shenzhen Jary Technology Co., Ltd., Shenzhen Jezz Life Technology Co., Ltd., Shenzhen Kaileex Technology Co., Ltd., Shenzhen PXB Technology Co., Ltd., Shenzhen Siyuanda Technology Co., Ltd., Shenzhen Wanyang Gift Co., Ltd., Shenzhen Xin Sheng Rong Trading Co., Ltd., Shenzhen Xinyuhongsheng Trade Co., Ltd., Shenzhen Yuefeng Technology Co., Ltd, Shop5361124 Store, Shop900237396 Store, Stars ST Glasses Store, Yiwu Mengshou Electronic Commerce Co., Ltd., Yiwu Youwei Apparel Co., Ltd., Yiwu Zhaoyuan New Materials Co., Ltd. and Zhongshan Caiying Textile Co., Ltd., and denied as to the other remaining defendants. Post-judgment interest shall accrue at the legal rate from the date of the judgment pursuant to 28 U.S.C section 1961. Plaintiff's request for an order restricting and transferring Defaulting Defendants' assets held by third parties is denied without prejudice to use of asset restraint and judgment execution measures in compliance with applicable state procedures. Plaintiff is relieved from the 30-day stay pursuant to Federal Rule of Civil Procedure 62(a). Any failure by Defaulting Defendants to comply with the terms of this Memorandum Opinion and Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property. This Court shall retain jurisdiction over this matter and the parties; accordingly, the case is closed.

**DATED**: New York, New York
March 23, 2022

**RUBY J. KRAJICK**

**Clerk of Court**

BY: *Kmango*
**Deputy Clerk**